# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-05-00854-CV

### In the Matter of F.F.G.

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-26,202, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw our October 12, 2006 opinion and judgment, and substitute this opinion in order to address an error raised in F.F.G.'s motion for rehearing. While we agree with F.F.G. that a motion for new trial was not required to preserve the issue of factual sufficiency, we adhere to the holding in our original opinion that the evidence presented is factually sufficient to support the trial court's adjudication, and thus overrule F.F.G.'s motion for rehearing, which requested that we reverse the judgment of the trial court.

F.F.G. appeals from his adjudication as delinquent based on the offense of criminal mischief resulting in pecuniary loss in an amount more than $50 but less than $500. *See* Tex. Penal

Code Ann. § 28.03 (West Supp. 2006). After adjudicating F.F.G. delinquent, the trial court placed F.F.G. on nine months' probation and ordered him to pay restitution of $408. In his sole point of error, F.F.G. contends that the evidence presented at trial is factually insufficient to support the trial court's adjudication of delinquency. We affirm the trial court's adjudication.

.

## BACKGROUND

On March 7, 2005, at approximately 3:50 p.m., Goldia Earls was working when she received a call from her sister stating that someone had shattered Earls's dining room window with a rock. Earls told her sister to call the police, then headed home.

Once both Earls and the police had arrived at Earls's home, Lydia Martinez—Earls's next-door neighbor—came over and explained that she had seen the person who threw the rock through Earls's window. Martinez testified that she saw F.F.G., who is a white male, standing with three African-American teenagers in a circle outside her kitchen window. Martinez further testified that she saw F.F.G. carrying a rock which he threw through Earls's window, and then the four teenagers immediately ran across the street.

Martinez telephoned the police to report the crime. After the police arrived and listened to Martinez's account, they suspected F.F.G. because he was part of a group of boys matching Martinez's description that they had noticed playing down the street. According to her testimony, because F.F.G. lived across the street from both Martinez and Earls, Martinez recognized him and was able to identify him as the person who threw the rock through Earls's window. Martinez also testified that Earls was only a passing acquaintance whom Martinez did not know by

2

name, that she had never had a problem with F.F.G. or his mother before, and that she did not know F.F.G. by name before the trial but did recognize him from the neighborhood.

Both F.F.G.'s mother, Donna Sanders, and his supervisor, Shara Kohrs, testified that F.F.G. spent the day working for Guy Bundy and Kohrs fixing up a duplex around the corner from Earls's house. Sanders testified that she dropped F.F.G. off at work that morning and that F.F.G. had received a check for $20 for his day's work. However, Sanders was not with her son at the time the rock was thrown through Earls's window.

Additionally, Kohrs testified that F.F.G. was working for her preparing a duplex to be rented and that she did not see F.F.G. leave the work site. Further, Kohrs testified that even though she had not kept F.F.G. in her sight the entire time, she did not think it possible that F.F.G. could have left without her knowledge.

Kohrs also testified that she had been involved in verbal altercations with both Earls and Earls's daughter and that she had previously called the police on several occasions because Earls's daughter had thrown rocks through Kohrs's windows. The juvenile court was also presented with evidence of Kohrs's criminal record.

F.F.G. testified that he did not throw the rock through Earls's window and did not see the actual perpetrator.

Finally, the court was presented with evidence that the cost of repairs to Earls's broken window totaled $408.

## DISCUSSION

As a preliminary matter, we must address the State's argument that F.F.G. failed to properly preserve the issue of factual sufficiency. The State argues that because the Texas Family

3

Code mandates that juvenile delinquency proceedings are governed by the Texas Rules of Civil Procedure, *see* Tex. Fam. Code Ann. § 51.17(a) (West Supp. 2006), F.F.G. was required to file a motion for new trial to preserve his factual sufficiency complaint. However, F.F.G. was adjudicated delinquent in a bench trial; a motion for new trial is only required to preserve complaints about the factual sufficiency of the evidence supporting jury findings. Tex. R. App. P. 33.1(d); Tex. R. Civ. P. 324(b)(2); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 197 (Tex. App.—Austin 1992, no pet.). We hold that F.F.G. properly preserved his factual sufficiency complaint for appellate review.

It is well settled that in juvenile proceedings the State must prove each element of the alleged delinquent conduct beyond a reasonable doubt to support an adjudication of delinquency. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.—Austin 1999, no pet.). In a factual sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so weak that the finding is clearly wrong and manifestly unjust or that the contrary evidence greatly outweighs the evidence of guilt so that the finding is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Appellate courts are not free to reweigh the evidence and set aside the juvenile court's adjudication merely because the reviewing judges determine that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A factual sufficiency review must employ appropriate deference to the fact-

4

finder's role as the sole judge of credibility and the weight to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

To adjudicate F.F.G. delinquent, the trial court had to find that F.F.G. intentionally damaged or destroyed Earls's window without her permission. *See* Tex. Penal Code Ann. § 28.03. The juvenile court heard evidence that Earls never gave F.F.G. permission to destroy her window and that Martinez saw F.F.G. throw the rock that broke Earls's window. This evidence, taken alone, is sufficient to justify the trial court's adjudication of F.F.G. as delinquent and guilty of criminal mischief beyond a reasonable doubt.

Furthermore, because the testimony of F.F.G.'s witnesses does not rule out the possibility that F.F.G. could have broken Earls's window, we cannot say that the contrary evidence presented by F.F.G. is so strong that the trial court's adjudication is against the great weight and preponderance of the evidence. First, F.F.G.'s mother testified that she dropped off F.F.G. and picked him up later in the day, at which time he had a check for $20. However, there is no evidence in the record that she was exercising any control over or supervising F.F.G. around the time that Earls's window was broken. During that unsupervised time, he could have broken the window as Martinez testified.

Next, Kohrs testified that she had been supervising F.F.G. all day and that it was impossible for him to have broken the window in question. However, given the relatively close proximity of F.F.G.'s work site to Earls's house, Kohrs's testimony that she did not keep watch over F.F.G. the entire time opens up the possibility that he might have had the time to break the window.

Rather than providing contrary evidence so strong that the court's adjudication is against the great weight and preponderance of the evidence, the testimony of both F.F.G.'s mother

5

and Kohrs seems to be compatible with the State's theory of the case based upon Martinez's testimony because both witnesses left open the possibility that F.F.G. could have slipped away from work to break the window. Although Martinez's testimony was challenged by F.F.G.'s own testimony that he did not throw the rock through the window, we will defer to the juvenile court's evaluation of Martinez's testimony as more credible than F.F.G.'s. *Johnson*, 23 S.W.3d at 7.

Keeping in mind the deference we are to give to the fact-finder as the sole judge of the weight and credibility of witness testimony, we hold that the evidence is sufficient to support the juvenile court's adjudication. Because each witness for F.F.G. (other than F.F.G. himself) offered testimony that the juvenile court could have viewed as either damaging the witness's credibility or leaving open the possibility that F.F.G. could have committed the crime and because of Martinez's independent eyewitness testimony, we cannot say that the proof of guilt is so weak that the trial court's adjudication is clearly wrong or manifestly unjust or that the contrary evidence is so strong that the juvenile court's finding of guilt beyond a reasonable doubt is against the great weight and preponderance of the evidence. We overrule F.F.G.'s point of error.

## CONCLUSION

Having overruled F.F.G.'s only issue, we affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed on Motion for Rehearing

Filed: November 29, 2006

6